DAYLE ELIESON
United States Attorney
District of Nevada
ALLISON REESE
Assistant United States Attorney
Nevada State Bar #13977
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336 / Fax: (702) 388-5087
Allison.Reese@usdoj.gov

*Representing the United States of America*

FILED
2019 JAN 11  AM 11: 20
U.S. MAGISTRATE JUDGE
BY_____

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-mj-00034-NJK |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| VICTOR MANUEL PEREZ, and KEVIN ANDREW MC COY, | Possession of a Controlled Substance with Intent to Distribute - Methamphetamine (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii)) |
| Defendants. | |

BEFORE the United States Magistrate Judge, Las Vegas, Nevada, the undersigned complainant, being duly sworn, deposes and states:

### COUNT ONE
*Possession of a Controlled Substance with Intent to Distribute – Methamphetamine*
(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii))

On or about January 10, 2019, in the State and Federal District of Nevada, Victor Manuel PEREZ and Kevin Andrew MC COY, the defendants herein, did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

Complainant, Joseph Krieg, as a Special Agent with the Internal Revenue Service, detailed to the Drug Enforcement Administration (DEA) as a Task Force Agent, states the following as and for probable cause:

1. I am a Special Agent (SA) with the Internal Revenue Service - Criminal Investigation (IRS-CI), and have been employed in this capacity since 2008. Prior to 2008, I was an Internal Revenue Agent (RA) with the IRS from September 2002 to 2008. As an IRS-RA, I conducted audits of Small Businesses and Self-Employed Individuals and Flow-Through Entities, such as Partnerships and S Corporations.

2. Since joining the Criminal Investigation Division, I have received extensive training in financial investigative techniques at the Federal Law Enforcement Training Center located in Glynco, Georgia. My responsibilities include the investigation of criminal violations of the Internal Revenue Laws (Title 26, United States Code), the Bank Secrecy Act (Title 31, United States Code), the money laundering statutes (Title 18, United States Code, Sections 1956 and 1957), and related offenses. My training includes a thorough groundwork in search/seizure warrants, constitutional law, tax law, and many other law enforcement topics. I earned a Bachelor of Science degree in Accountancy from Northern Arizona University in December 1999.

3. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in, *inter alia*, the Controlled Substances Act. I am currently assigned to the Las Vegas, Nevada (NV), District Office, Enforcement Group 2 of the Drug Enforcement Agency as a Task Force Agent.

4. I have received training in investigations involving the interception of wire communications, and complex conspiracy cases involving drug trafficking. Since March 2018, I have investigated and assisted on numerous drug cases ranging in scope from street level distributors to multi-state and national, complex conspiracy cases. Based on my training and experience as an IRS-CI agent and a DEA Task Force Agent, I am familiar with the manner in which narcotics traffickers conduct their drug-related businesses including: the methods employed by dealers to import and distribute narcotics, their use of telephones in furtherance of their illegal activities and their use of coded language to refer to narcotics, drug proceeds, counter-surveillance and other aspects of narcotics trafficking. My training and experience have involved, among other things: (1) the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances and of the laundering and concealment of proceeds of drug trafficking; (2) surveillance; (3) analysis of documentary and physical evidence; (4) the hand-to-hand purchase of controlled substances; and (5) the execution of search warrants.

5. The following information contained within this criminal complaint was obtained and observed by me or provided to me by other law enforcement personnel. All times are approximate.

6. On or about January 6, 2019, in Las Vegas, Nevada, Special Agent (SA) Skip Houston with Enforcement Group 2, while working in an undercover capacity, negotiated a buy of methamphetamine from Victor Manuel PEREZ. SA Houston set up an undercover buy of approximately two pounds of methamphetamine for January 10, 2019, for $5,600. PEREZ and SA Houston agreed the methamphetamine deal would be conducted at the Boulder Station Hotel and Casino. SA Houston contacted PEREZ throughout the morning of January 10, 2019, to confirm the deal. Furthermore, PEREZ stated to SA Houston prior to leaving his house that he

was heading to the Boulder Station Hotel and Casino. Based on this information, surveillance was set-up around PEREZ's residence. During the course of this surveillance, surveillance observed PEREZ walk over to Kevin MC COY's residence. PEREZ returned to his residence shortly after. Minutes later, PEREZ again went to MC COY's residence and then returned to his own residence. Shortly after, MC COY exited his residence, got into a red Hyundai car with Nevada vehicle registration 098YBV, and waited for PEREZ. PEREZ exited his residence with an orange bag and placed it in the backseat of MC COY's vehicle and got into the car. Surveillance was conducted by the Drug Enforcement Agency (DEA) and the Highway Interdiction Team (HIT) once MC COY and PEREZ left the residence in MC COY's vehicle.

7. After MC COY and PEREZ left the residence, Henderson Police Department Officer Chris Cyr of HIT observed the red Hyundai sedan fail to signal appropriately while moving from the #2 travel lane to the #1 travel lane going west on Charleston Blvd. near Colbath St., and then later failed to signal appropriately while moving from the #1 travel lane to the #1 left turn lane to go south on Nellis Blvd. at Charleston Blvd. in Las Vegas, Nevada. While travelling south on Nellis Blvd., Officer Cyr also observed that this vehicle had a handicap placard and air freshener hanging from the rear view mirror obstructing the driver's view. Officer Cyr then activated his overhead emergency lights and sirens and conducted a traffic stop on the red Hyundai just south of Sahara Ave. on Nellis Blvd.

8. The vehicle stopped in the #3 travel lane blocking traffic, so Officer Cyr instructed the driver over the PA system to move to the Cube Smart Self Storage parking lot at 2645 S. Nellis Blvd., due to safety concerns. Upon making the stop, Officer Cyr approached and made contact with the driver, Kevin MC COY and the passenger, Victor PEREZ, and advised them of the reason for the stop. MC COY provided his license, registration, and proof of insurance for

the vehicle and PEREZ provided Officer Cyr an identification card when asked. MC COY advised that PEREZ and MC COY were on their way to Boulder Station to gamble.

9. While completing a records check of the occupants, Nevada Highway Patrol (NHP) Trooper A. Sandoval #240 arrived to assist. Trooper Sandoval asked MC COY to step from the vehicle while they conducted a records check to which he complied. A records check of PEREZ showed that he had a possible failure to appear warrant from Nye County in reference to traffic related offenses and Officer Cyr contacted dispatch via radio to confirm the warrant. While waiting for dispatch, Officer Cyr spoke with MC COY and asked him if there was anything illegal or dangerous inside the vehicle to which he stated "No." Officer Cyr asked MC COY individually if there were any weapons, large amounts of currency, marijuana, heroin, cocaine, or methamphetamine inside the vehicle to which he stated "No" to each. Officer Cyr asked MC COY if he could search the vehicle to which he stated "Yes."

10. Officer Cyr then spoke with PEREZ and asked him to step from the vehicle so that he could speak with him and he complied. Officer Cyr advised PEREZ of the possible warrant and that he was waiting for confirmation. Officer Cyr asked PEREZ if there was property inside the vehicle that was his to which he stated a backpack in the backseat. Officer Cyr then asked PEREZ if there were any weapons and/or narcotics inside the vehicle to which he stated "No." MC COY and PEREZ were then asked to sit on the curb while Officer Cyr conducted a search of the vehicle to which they complied.

11. Officer Cyr then deployed his trained narcotics detection canine "Vinny" to conduct a sniff of the vehicle. Vinny is trained to detect the odors of marijuana, methamphetamine, cocaine, and heroin with his last certification in October of 2018. While conducting a sniff of the interior of the Hyundai, Officer Cyr observed Vinny's sniffing intensity increase and he began intensely sniffing the seams of a backpack in the backseat. K9 Vinny

stopped with his nose on the backpack and then continued bracketing side to side with intense sniffing to an orange plastic bag located on the floorboard behind the driver. Officer Cyr then observed Vinny stick his head in the bag and freeze with his head in the bag. Officer Cyr recognized the above behaviors from Vinny as an indication that he had detected the odor of an unknown narcotic substance.

12. A subsequent search of the orange bag revealed a shoe box inside that further contained a large plastic bag of a white crystalline substance, which Officer Cyr recognized from his training and experience to be methamphetamine. MC COY and PEREZ were then placed in handcuffs by NHP Trooper E. Tumanuavo #274 and NHP Trooper. T. Pendley #289. Trooper Pendley advised Officer Cyr that while conducting a search of MC COY's person he located a plastic bag in his front pants pocket that contained a green leafy substance and another bag of a white crystalline substance. Officer Cyr recognized from his training and experience the two substances to be marijuana and methamphetamine. MC COY later stated to DEA special agents after being read his *Miranda* warnings that he had received the methamphetamine found on his person from PEREZ the evening before. DEA surveillance had previously observed MC COY driving PEREZ to two prior controlled buys of methamphetamine.

13. This case was remanded to the DEA for federal prosecution and MC COY and PEREZ were subsequently taken to the Henderson Detention Facility pending their initial appearance in federal court.

14. SA Houston subsequently conducted a presumptive field test on the suspected methamphetamine recovered from the vehicle (approximately 875.4 gross grams) as well as the suspected methamphetamine (approximately 46.7 gross grams) found on MC COY. Both field tests gave a positive result for the presence of methamphetamine.

15. Based on my training and experience and the foregoing complaint, I believe there is probable cause to believe that Victor Manuel PEREZ and Kevin Andrew MC COY violated Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii), Possession of a Controlled Substance with Intent to Distribute (Methamphetamine).

_____
Joseph Krieg, Special Agent
Internal Revenue Service – Criminal Investigation
Drug Enforcement Administration – Task Force Agent

SUBSCRIBED and SWORN to before me
This 11th day of January, 2019.

_____
HONORABLE NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

7